**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | * | |
| | * | |
| **v.** | * | **CRIMINAL NO.  SAG-22-366** |
| | * | |
| **ANNA GABRIELIAN &** | * | |
| **JAMIE LEE HENRY,** | * | |
| | * | |
| **Defendants.** | * | |
| | ****** | |

**GOVERNMENT'S MOTION IN LIMINE TO PRECLUDE CROSS EXAMINATION
OF UNDERCOVER AGENT REGARDING
INTERNAL CONVERSATIONS WITH OTHER AGENTS**

The United States of America moves for an order prohibiting the Defendants from cross examining the Undercover Agent (UC) regarding her conversations with other law enforcement personnel outside earshot of the Defendant. Such conversations are not relevant to any entrapment defense.

The Fourth Circuit's law is clear that and agents' motives are "irrelevant" to entrapment, because whether or not a defendant was induced had to be assessed by "what specifically was presented to [the defendant]" by the agents rather than what the agents discussed amongst themselves. *United States v. Young, 916 F. 3d 368, 382* (4th Cir. 2019). *See also United States v. Daniel*, 3 F.3d 775, 778 (4th Cir. 1993) ( "Inducement . . . involves elements of governmental . . . conduct sufficiently excessive to implant a criminal design in the mind of an otherwise innocent third party.").

It is thus the Undercover Agent's interactions with the Defendants that matter for entrapment (and these interactions are all audio and video recorded)– not what the agents may have discussed among themselves in preparation for the meetings.  The defense should therefore be precluded from inquiring of these matters.

Respectfully submitted,

Erek L. Barron
United States Attorney

By: _____/s/_____
Aaron S.J. Zelinsky
P. Michael Cunningham
Assistant United States Attorneys

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this day, a copy of the foregoing motion was electronically

filed via CM/ECF which provides notice to counsel of record.


_____/s/_____
Aaron S.J. Zelinsky
Assistant United States Attorney