IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | |
| | * | |
| v. | * | CRIMINAL NO. SAG-22-366 |
| | * | |
| ANNA GABRIELIAN & | * | |
| JAMIE LEE HENRY, | * | |
| | * | |
| Defendants. | * | |
| | ****** | |

### GOVERNMENT'S RESPONSE TO DEFENDANT'S
### MOTION FOR A BILL OF PARTICULARS

The Defendants have moved in this matter for a bill of particulars. ECF 58 & 67. At core, the Defendants seek information about how the Government plans to *prove* its case at trial – not about the *allegations* contained in the lengthy speaking indictment and the extensive audio and video recordings provided in discovery. The indictment and discovery provide more than adequate notice to the Defendants, and their motions should be denied.

### BACKGROUND

In order to prove a felony violation of 42 U.S.C. § 1320d-6(b)(3), the Government must prove four elements: (1) that the defendant knowingly disclosed individually identifiable health information (IIHI) to another person; (2) that the individually identifiable health information was maintained by a covered entity; (3) that the defendant disclosed such information without authorization from the patient and for a purpose other than permitted by HIPAA; (4) That the defendant disclosed such information with intent to transfer individually identifiable health information for malicious harm or personal gain. *Id*.

The Defendants are captured on hours audio and video recordings conspiring to transfer and transferring health records related to at least eight individuals to a person they believed to be

an agent of the Russian government. One victim was an active-duty member of the U.S. Army; another, a current Department of Defense employee. A third, the spouse of a person currently employed by the Office of Naval Intelligence. Each record was selected by the Defendants to be provided to the FBI undercover agent ("UC"). When Defendant Gabrielian provided her medical records, she even pointed out what areas of the record would be of the most interest to Russia. And she asked – if her husband decided not to violate the law—whether he could still be a "candidate" to help Russia in the future.[1]

The Superseding Indictment charges the Defendants in Count one with a conspiracy to violate 42 U.S.C. § 1320d-6(b)(3), whose objects was:

> to provide IIHI related to patients at Fort Bragg and Medical Institution 1 to an individual that GABRIELIAN and HENRY believed to be working for the Russian Government, in order to assist the Russian government by demonstrating: 1) the level of GABRIELIAN and HENRY's access to IIHI of U.S. personnel, 2) GABRIELIAN and HENRY's willingness to provide IIHI to the Russian government, and 3) the potential for the Russian government to gain insights into the medical conditions of individuals associated with the U.S. government and military, to exploits this information.

ECF 1, at 8. Counts Two through Nine charge the Defendant with substantive violations of 1320d-6 for each record that was transferred to the UC.

## ARGUMENT

As an initial matter, the Defendant's request for the Government to provide evidence of what the government "intends to asset," and what it will "contend," ECF 58, at 5 underscore the

---

[1] The Defendants contend that Gabrielian was alluding to her husband's continued ability to be a "candidate" to provide "humanitarian assistance." ECF 73, at 32. The full context of the quote: "If [the guillotine] does fall, then the access falls; or if he tells me 'Anna, after all, this is a HIPAA violations' – then what happens to him? Does he get filtered out as a candidate?" makes clear that Gabrielian refers to Henry's being of continuing use to the Russian government – not as providing humanitarian assistance. There is no indication from the Defendants why the willingness to share private medical records of patients would in any way "filter" an individual out from providing purported "humanitarian assistance" in the future. But it would "filter out" potential candidates for Russian recruitment to obtain non-public information.

true nature of Defendants motion: they do not seek notice of the charges or the relevant acts. They seek an advance preview of the Government's case in chief. That is not the purpose of a bill of particulars.

    *I.       The Legal Standard Governing Motions for a Bill of Particulars*

Pursuant to FED. R. CRIM. PROC. 7(c)(1), an indictment is required to "be a plain, concise, and definite written statement of the essential facts constituting the offense charged." An indictment is sufficient if it "first, contains the elements of the offense charged and fairly informs a defendant of the charges against which he must defend, and, second, enables him to plead an acquittal or conviction in a bar of future prosecutions for the same offense." *Hamling v. United States*, 418 U.S. 87, 117 (1974). Likewise, "[t]he purpose of a bill of particulars is to enable a defendant to obtain sufficient information on the nature of the charges against him so that he may prepare for trial, minimize the danger of surprise at trial, and enable him to plead his acquittal or conviction in bar of another prosecution for the same offense." *United States v. Schembari*, 484 F.2d 931, 934-35 (4th Cir. 1973). As long as the indictment is sufficient to fulfill these purposes, a bill of particulars is unnecessary and its denial does not constitute an abuse of discretion. *United States v. Butler*, 885 F.2d 195, 199 (4th Cir. 1989); *United States v. Jackson*, 757 F.2d 1486, 1491 (4th Cir. 1985). A bill of particulars should therefore be required by the court only where the charges of the indictment are so general that they do not advise the defendant of the specific acts of which he or she is accused. *United States v. Walsh*, 194 F.3d 37, 47 (2d Cir. 1999).

A defendant is not entitled to a bill of particulars as a matter of right. *Wong Tai v. United States*, 273 U.S. 77, 82 (1927). Generally, where the indictment contains sufficient detail and the government provides full discovery, a bill of particulars will not be required. As one commentator has stated: "If the needed information is in the indictment, then no bill of particulars is required.

The same result is reached if the government has provided the information called for in some other satisfactory form."  1 C. Wright, FEDERAL PRACTICE AND PROCEDURE: CRIMINAL 5129 at 437 (1982).  *See also United States v. Soc'y of Indep. Gasoline Marketers*, 624 F.2d 461, 466 (4th Cir. 1979); *United States v. Giese,* 597 F.2d 1170, 1180-81 (9th Cir. 1979) (full discovery obviates the need for a bill of particulars).

"Acquisition of evidentiary detail is not the function of the bill of particulars."  *United States v. Torres*, 901 F.2d 205, 234 (2d Cir. 1990) (quoting *Hemphill v. United States*, 392 F.2d 45,49 (8th Cir. 1968)).  Nor is it intended to allow defendants a preview of how the government intends to present its evidence at trial, or to permit the defense to explore the legal theories underlying the government's case.  *United States v. Barnes*, 158 F.3d 662, 665-66 (2d Cir. 1998); *United States v. Gabriel*, 715 F.2d 1447, 1449 (10th Cir. 1983); *United States v. Bin Laden*, 92 F. Supp. 2d 225, 233 (S.D.N.Y. 2000); *United States v. Hsia*, 24 F. Supp. 2d 14, 30 (D.D.C. 1998) ("A bill of particulars properly includes clarification of the indictment, not the government's proof of its case."); *United States v. DeSalvo*, 797 F. Supp. 159, 174-75 (E.D.N.Y. 1992) (motion for bill of particulars would be denied where "Defendant clearly seeks to discover not just the contours of the case . . . defendant seeks in detail the sort of arguments that the government will make to bolster its arguments.").

But where, as here, the indictment fully complies with the requirements of the Fifth and Sixth Amendments and FED. R. CRIM. PROC. 7(c), "[a] bill of particulars is not to be used to provide detailed disclosure of the government's evidence in advance of trial."  *United States v. Automated Med. Lab., Inc.*, 770 F.2d 399, 405 (4th Cir. 1985); *United States v. Fletcher*, 74 F.3d 49, 53 (4th Cir.1996).  As another circuit has stated:  "A bill of particulars, unlike discovery, is not intended to provide the defendant with the fruits of the government investigation. . . . Rather, it is intended

4

to give the defendant only that minimum of information necessary to permit the defendant to conduct his *own* investigation." *United States v. Smith*, 776 F.2d 1104, 1111 (3d Cir. 1985) (citations omitted; emphasis in original). *See also United States v. Burgin*, 621 F.2d 1352, 1359 (5th Cir. 1980)  (a bill of particulars "is not designed to compel the government to detailed exposition of its evidence or to explain the legal theories upon which it intends to rely at trial"); *United States v. Anderson*, 481 F.2d 685, 690 (4th Cir. 1973) (the function of a bill of particulars is not to provide detailed disclosure of the government's evidence in advance of trial, but to supply any essential detail that may have been omitted from the indictment), *affirmed*, 417 U.S. 211 (1974); *Hemphill*, 392 F.2d at 49.

> II.   The Indictment Properly Advises the Defendants of the Specific Allegations Against Them.

The indictment lays out the relevant statutory language of 18 U.S.C. § 371 and 42 U.S.C. § 1320d-6, and includes the purpose of the conspiracy: to "provide IIHI related to patients at Fort Bragg and Medical Institution 1 to an individual that GABRIELIAN and HENRY believed to be working for the Russian Government, in order to assist the Russian government by demonstrating: 1) the level of GABRIELIAN and HENRY's access to IIHI of U.S. personnel, 2) GABRIELIAN and HENRY's willingness to provide IIHI to the Russian government, and 3) the potential for the Russian government to gain insights into the medical conditions of individuals associated with the U.S. government and military, to exploits this information."  The Defendant seeks to know how the Government will prove the elements of the offense.  In particular, the Defendant questions how providing the health records of various individuals serving in and associated with the Army and the Intelligence community foreign agent in order to show access, provide "useful" information, and show commitment to help in the future could be done for malicious harm or personal gain. ECF 58, at 3; ECF 67, at 5.  In other words, the Defendants agree they are well on notice of what

is alleged – they just want to know how the Government will prove a particular element. That is not the purpose of a bill of particulars.

Indeed, the indictment lays out the Defendants' actions in this case in great detail in twenty paragraphs in the indictment. *See* ECF 75, at 14(a)-(¶t) . There is no confusion regarding what is alleged: the defendants seek to know how the government will prove its allegations.

Moreover, the Defendants have received extensive discovery, including hours of videos of their interactions with the UC in this case, as well as translations of those videos provided by the Government.  As noted above, Generally, where the indictment contains sufficient detail and the government provides full discovery, a bill of particulars will not be required. *See* C. Wright, FEDERAL PRACTICE AND PROCEDURE: CRIMINAL 5129 at 437 (1982). *See also United States v. Soc'y of Indep. Gasoline Marketers*, 624 F.2d 461, 466 (4th Cir. 1979); *United States v. Giese*, 597 F.2d 1170, 1180-81 (9th Cir. 1979) (full discovery obviates the need for a bill of particulars).

In *U.S. v. Cuong Gia Le*, 310 F.Supp. 2d 763 (E.D.Va. 2004), the defense was denied a motion for bill of particulars where the court called the defendant's motion "in essence an improper request for evidentiary matters," which is what the Defendant's request represents here. *See id.* at 782.  The court there responded unequivocally that "a court must not direct the government to reveal the details of its evidence or the precise manner in which it will make its proof in a bill of particulars." *Id.* at 781 (citing *U.S. v. Automated Medical Labs, Inc.* 770 F.2d at 405).

## **CONCLUSION**

Because the Defendant has been fairly apprised of the charges against her by both the indictment and discovery in this case, no bill of particulars is warranted here.  The Defendant's motion should be denied.

                    Respectfully submitted,

                    Erek L. Barron
                    United States Attorney

By:      /s/
                    Aaron S.J. Zelinsky
                    P. Michael Cunningham
                    Assistant United States Attorneys

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this day, a copy of the foregoing motion was electronically filed via CM/ECF which provides notice to counsel of record.

_____/s/_____
Aaron S.J. Zelinsky
Assistant United States Attorney