IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | |
| | * | |
| v. | * | CRIMINAL NO.  SAG-22-366 |
| | * | |
| ANNA GABRIELIAN & | * | |
| JAMIE LEE HENRY, | * | |
| | * | |
| Defendants. | * | |
| | ******* | |

### GOVERNMENT'S MOTION TO RE-OPEN CASE FOR ENTRY OF STIPULATION

On Friday, May 26, 2023, consistent with counsels' statements throughout the case to the Government and to this Court, counsel for Dr. Gabrielian led her through a series of questions in which she admitted that she and Dr. Henry violated HIPAA:

CM: So you're responding to that. "If the axe does fall, the access falls and he tells me, 'Anna, after all, this is a HIPAA -- this is a privacy act violation,' then what happens to him? Does he get filtered out as a candidate?" Do you see that?

AG: Uh-huh, I do, yes.

CM:  So first of all, you were mentioning this is a HIPAA violation.

AG: Yes, it is.

CM: You and Dr. Henry knew when the agent asked and you went along with it, *you were breaking the HIPAA law*, correct?

AG: *We did, yes.*

CM: You knew that was wrong?

AG: Yes.

CM: You knew you were breaching the confidences of your patients?

AG: Yes.

Tr. May 26, 2023, 226:7-23 (emphasis added).  It is impossible to violate HIPAA without the entities in question being covered by HIPAA.  Dr. Gabrielian's direct testimony was an admission that the records were maintained by covered entities under HIPAA.

Dr. Gabrielian's testimony echoed the longstanding contentions of defense counsel to this Court, that only motive was at issue in this case: "we all know yes, you breached patient confidences and that's a misdemeanor violation of HIPAA. But they have to prove additional intent beyond that." Trial Tr. May 25. 2023, 226: 15-20.  As a result, this Court rightly noted that at the charge conference that the definitional elements of the HIPAA sections not at issue should be omitted from the jury instructions. *See,* Tr. May 26, 2023, 241:1-4. The Court then summarized: "So no one feels the need to include additional definitions in the jury instructions as to HIPAA; is that right?"  All counsel promptly agreed. *See* Tr. May 26, 2023, 242 (" MR. ZELINSKY: Correct. MR. WALSH-LITTLE: Correct. MR. MEAD: Correct, Your Honor. Thank you.").

Now counsel has changed its mind and believes that the Government has failed to provide sufficient evidence that Johns Hopkins Hospital and Womack Army Medical Center are "covered entities" under HIPAA, even though Dr. Gabrielian testified *on direct examination by her own lawyer* that she and Dr. Henry has "violated HIPAA" in making the disclosures.

Given the Defendants' sudden change of heart on this issue, the Government moves to re-open its case and introduce a stipulation that both Johns Hopkins Hospital and Womack Army Medical Center are covered entities for the purposes of HIPAA.  Counsel for both Defendants have indicated that they oppose re-opening the case, but that if the Court grants the motion to reopen they will stipulate to these facts.  Government counsel has already worked out a proposed stipulation with defense counsel.

"A district court's decision to reopen a case to admit additional evidence is normally 'within [its] sole discretion.'" *United States v. Abbas*, 74 F.3d 506, 510 (4th Cir. 1996); *accord United States v. Sisack*, 527 F.2d 919, 919 (9th Cir. 1976) ("The reopening of a criminal case either to present omitted evidence or to add further testimony after either of the parties has rested is within the sound discretion of the trial court."). The *Abbas* Court noted that there should be a "reasonable explanation" provided by the Government in such a circumstance. The reasonable explanation is this: Defense Counsel repeatedly assured the Government and this Court – including in opening argument and after the close of the Defendants' case, that the status of Johns Hopkins Hospital and United States Army records were not at issue. In fact, counsel elicited testimony from the Defendant that she had knowingly violated HIPAA, and that the only issue for the jury was intent, consistent with all their previous statements.

Now, on the eve of closings, counsel has changed its mind. Given Counsel's misstatements on the matter and the late notice provided on a matter which counsel had indicated they were not challenging (and on which defense counsel elicited incriminating testimony in direct examination), this Court should allow the government to re-open its case in chief for the limited purpose of including a new Government Ex. 12 stipulating that both Johns Hopkins Hospital and Womack Army Medical Center are covered entities under HIPAA. The parties have already agreed to the stipulation if the motion is granted. Entry of the stipulation will take very little time and will not in any way over-emphasize the matter or mislead the jury. *See United States v. Peay*, 972 F.2d 71, 73 (4th Cir. 1992) ("The court must consider the timeliness of the motion, the character of the testimony, and the effect of granting the motion. The party moving to reopen should provide a reasonable explanation for failure to present the evidence in its case-in-chief. The evidence proffered should be relevant, admissible, technically adequate, and helpful to the jury in

ascertaining the guilt or innocence of the accused. The belated receipt of such testimony should not imbue the evidence with distorted importance, prejudice the opposing party's case, or preclude an adversary from having an adequate opportunity to meet the additional evidence offered.").

## CONCLUSION

Defendant Gabrielian testified on direct examination that she and Dr. Henry violated HIPAA. There is no factual disagreement regarding whether Johns Hopkins Hospital and Womack are covered entities, and the defendants will stipulate to the matter if the case is re-opened to admit this limited fact, which is reasonable in light of the Defendants' shifting statements to counsel and the Court regarding whether this fact was conceded. The Government is entitled to re-open its case to present the relevant uncontroverted evidence via stipulation that it would have presented had not defense counsel repeatedly stated that these elements were not an issue.

Respectfully submitted,

Erek L. Barron
United States Attorney

By: _____/s/_____
Aaron S.J. Zelinsky
P. Michael Cunningham
Assistant United States Attorney

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this day, a copy of the foregoing motion was electronically filed via CM/ECF which provides notice to counsel of record.

_____/s/_____
Aaron S.J. Zelinsky
Assistant United States Attorney