IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | |
| | * | |
| v. | * | CRIMINAL NO.  SAG-22-366 |
| | * | |
| ANNA GABRIELIAN & | * | |
| JAMIE LEE HENRY, | * | |
| | * | |
| Defendants. | * | |
| | ******* | |

## GOVERNMENT'S RESPONSE TO DEFENDANT'S MOTION TO ADMIT EMAILS AND DRTAFT INDICTMENT

Internal investigative discussions not involving the Undercover Agent or the defendant are "'irrelevant' to entrapment because 'whether or not or not [the defendant] was induced had to be assessed by what was specifically presented to [the defendant] by the agents *rather than what the agents discussed amongst themselves*." *United States v. Young*, 916 F.3d 368, 382 (4th Cir. 2019) (emphasis added).   What the defendants saw and heard is what matters, not what internal conversations the prosecution team had about what to tell them.

"Inducement is a term of art: it involves elements of governmental overreaching and conduct sufficiently excessive to implant a criminal design in the mind of an otherwise innocent party." *United States v. Daniel*, 3 F.3d 775, 778 (4th Cir. 1993) *See also Jacobson v. United States*, 118 L. Ed. 2d 174, 112 S. Ct. 1535, 1540 (1992). Solicitation, by contrast, is the provision of an opportunity to commit a criminal act.  *Daniel*, 3 F.3d at 382.  Request by law enforcement officials to engage in criminal activity is not an inducement.  *See United States v. Burkley, 591 F.2d 903, 911–14* (D.C. Cir. 1978).  The internal communications among the investigative team – none involving the undercover agent – about what laws Gabrielian and Henry had already conspired to violate are not relevant to either analysis.

To the extent that the defendant wishes to elicit *from the Undercover Agent* what instructions she received and passed on to Dr. Gabrielian, the government will not object. But the email of the draft indictment to the case agent—which was *never reviewed by the Undercover Agent*—is not relevant in any way to the case. Moreover, the provision of the draft indictment indicates nothing more than a readiness to move quickly on the part of the government if large amounts of IIHI were disclosed, IIHI of particularly sensitive persons was disclosed, or there was any indication of other criminal activity on the part of the defendants. At the time the draft indictment was prepared, the defendants had already entered into a conspiracy to provide IIHI. There was nothing untoward about preparing an indictment at that stage, and most critically, none of this information was ever conveyed to the Undercover Agent.

As for the email to the case agent regarding HIPAA offenses, that email was sent to inform the case agent about the relevant statute that fit the conduct already undertaken because, as the case agent testified, he was unfamiliar with HIPAA's precise criminal contours. That information was likewise not conveyed to the Undercover Agent. Thus, the appropriate action is to question the undercover about what instructions she received (as she was questioned at the first trial), because any other internal discussions are not relevant to what the defendant experienced.

## CONCLUSION

What matters is what the Defendants saw and heard, not what the investigative team discussed. The defendant may cross-examine the undercover on instructions she received, but the internal discussions of the team are irrelevant to the Defendants' conduct.

        Respectfully submitted,

        Erek L. Barron
        United States Attorney


By:        /s/
        Aaron S.J. Zelinsky
        P. Michael Cunningham
        Assistant United States Attorneys

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this day, a copy of the foregoing motion was electronically filed via CM/ECF which provides notice to counsel of record.

>                         /s/
> Aaron S.J. Zelinsky
> Assistant United States Attorney