## Christopher Mead

| | |
|---|---|
| **From:** | Zelinsky, Aaron (USAMD) <Aaron.Zelinsky@usdoj.gov> |
| **Sent:** | Saturday, April 22, 2023 7:22 AM |
| **To:** | Christopher Mead; david@walshlittlelaw.com |
| **Cc:** | Noah Cherry; Cunningham, Michael (USAMD) |
| **Subject:** | Re: [EXTERNAL] RE: SAG-22-336--Request for Brady and Rule 3.8 material |

> CAUTION: This email originated from outside of the organization. Do not click links or open attachments unless you recognize the sender and know the content is safe.

Chris-

Confirming our conversation that we plan to seek a superseding indictment and make the language confirm with the verbatim transcripts.

Aaron

Get Outlook for iOS

---

**From:** Christopher Mead <cmead@schertlerlaw.com>
**Sent:** Friday, April 21, 2023 6:33:32 PM
**To:** Zelinsky, Aaron (USAMD) <AZelinsky@usa.doj.gov>; david@walshlittlelaw.com <david@walshlittlelaw.com>
**Cc:** Noah Cherry <ncherry@schertlerlaw.com>; Cunningham, Michael (USAMD) <mcunningham@usa.doj.gov>
**Subject:** RE: [EXTERNAL] RE: SAG-22-336--Request for Brady and Rule 3.8 material

Aaron and Mike—

I'm sorry to bug you when we're all scrambling to meet a motions deadline. The Indictment allegation that Dr. Gabrielian violated HIPAA "all the time" in overt act 14q is particularly important to future proceedings related to Dr. Gabrielian's medical license, and to her reputation as a doctor. As demonstrated below, I believe that allegation is demonstrably false. Do you think there is a realistic chance that the government will correct the record? If not, I fear I will need to do a last-minute motion to strike. I ask your consent to such a motion, or a commitment that you will correct the record.

Christopher B. Mead
Schertler Onorato Mead & Sears, LLP
555 13th Street, N.W.
Suite 500 West
Washington, D.C. 20004
Mobile: 301-351-0237
Email:   cmead@schertlerlaw.com
Website:  www.schertlerlaw.com

This e-mail message and any attached files are confidential and are intended solely for the use of the addressee(s) named above. This communication may contain material protected by attorney-client, work product, or other privileges. If you are not the intended recipient or person responsible for delivering this confidential communication to the intended recipient, you have received this communication in error, and any review, use, dissemination, forwarding, printing, copying, or other distribution of this e-mail message and any attached files is strictly prohibited. If you have received this confidential communication in error, please notify the sender immediately by reply e-mail message and permanently delete the original message.

1

**EXHIBIT 1**

**From:** Christopher Mead
**Sent:** Friday, April 21, 2023 2:26 PM
**To:** Zelinsky, Aaron (USAMD) <Aaron.Zelinsky@usdoj.gov>; david@walshlittlelaw.com
**Cc:** Noah Cherry <ncherry@schertlerlaw.com>; Cunningham, Michael (USAMD) <Michael.Cunningham@usdoj.gov>
**Subject:** RE: [EXTERNAL] RE: SAG-22-336--Request for Brady and Rule 3.8 material

Aaron and Mike:

In the exchange below, we questioned the accuracy of overt act 14.q in the Indictment. You have now sent us finalized transcripts of the 8/24 meeting, and those transcripts confirm that overt act 14q is inaccurate.

Here's the closes we could find to calling Jamie a "coward" or admitting to violating HIPPA "all of the time."

### Page 2, Section 4

> AG: *[noises] You cannot photograph patients charts you know, [UI].*
> UC: *Uh-huh.*
> AG: *That is, can't have [UI] here. [noises]*
> UC: *Uh, what do you mean? That can't you have?*
> AG: *It is not allowed to photograph charts.*
> UC: *Uh-huh. . . . Well, to photograph it just f-, well, for convenience?*
> AG: *Right. Because sometimes I need to [UI] back and forth. It's . . .*

### Page 8, Section 4

> UC: *Yeah? Yeah? Medical . . . um . . . Well, I think maybe, well, if Jamie still does not agree to it, what could be an alternative to having . . . like . . . to replace, um, the test with something else. . . . Well, so, you know him well. How do you think he will respond?*
> AG: *It's 70 to 30 that he will not want to do it.*
> UC: *He will not want to? . . . Uh-huh.*
> AG: *Because he . . . He enjoys talking about things—*
> UC: *Uh-huh.*
> AG: *But . . . when it comes to doing something, sometimes he is a little apprehensive.*
> UC: *Uh-huh.*
> AG: *If I said I will do something, then I'll do it.*

We repeat our request for the names of the government representatives who provided these inaccurate translations or paraphrases and ask the Government to correct the record. We want to confirm that the UC did not see or approve 14c.

We repeat our request related to overt act 14c, though we recognize that you haven't provided final transcripts for the 8/17 second conversation yet.

Christopher B. Mead
Schertler Onorato Mead & Sears, LLP
555 13th Street, N.W. Suite 500 West
Washington, D.C. 20004



**EXHIBIT 1**

Mobile: 301-351-0237
Email:    cmead@schertlerlaw.com
Website:  www.schertlerlaw.com

This e-mail message and any attached files are confidential and are intended solely for the use of the addressee(s) named above. This communication may contain material protected by attorney-client, work product, or other privileges. If you are not the  intended recipient or person responsible for delivering this confidential communication to the intended recipient, you have received this communication in error, and any review, use, dissemination, forwarding, printing, copying, or other distribution of this  e-mail message and any attached files is strictly prohibited. If you have received this confidential communication in error, please notify the sender immediately by reply e-mail message and permanently delete the original message.

**From:** Christopher Mead <cmead@schertlerlaw.com>
**Sent:** Wednesday, March 29, 2023 2:44 PM
**To:** Zelinsky, Aaron (USAMD) <Aaron.Zelinsky@usdoj.gov>; david@walshlittlelaw.com
**Cc:** Noah Cherry <ncherry@schertlerlaw.com>; Cunningham, Michael (USAMD) <Michael.Cunningham@usdoj.gov>
**Subject:** RE: [EXTERNAL] RE: SAG-22-336--Request for Brady and Rule 3.8 material

Thanks. If the bolded sections in the indictment below are in fact inaccurate (which we believe they are) then the origin of those inaccuracies is relevant to the bias, credibility, and Russian fluency of the person who provided those inaccurate translations, and any other persons who went along with those inaccuracies. They may also be relevant to the grand jury's consideration of the charges. Let's discuss tomorrow.

Christopher B. Mead
Schertler Onorato Mead & Sears, LLP
555 13th Street, N.W.
Suite 500 West
Washington, D.C.  20004
Mobile: 301-351-0237
Email:    cmead@schertlerlaw.com
Website:  www.schertlerlaw.com

This e-mail message and any attached files are confidential and are intended solely for the use of the addressee(s) named above. This communication may contain material protected by attorney-client, work product, or other privileges. If you are not the  intended recipient or person responsible for delivering this confidential communication to the intended recipient, you have received this communication in error, and any review, use, dissemination, forwarding, printing, copying, or other distribution of this  e-mail message and any attached files is strictly prohibited. If you have received this confidential communication in error, please notify the sender immediately by reply e-mail message and permanently delete the original message.

**From:** Zelinsky, Aaron (USAMD) <Aaron.Zelinsky@usdoj.gov>
**Sent:** Wednesday, March 29, 2023 9:46 AM
**To:** Christopher Mead <cmead@schertlerlaw.com>; david@walshlittlelaw.com
**Cc:** Noah Cherry <ncherry@schertlerlaw.com>; Cunningham, Michael (USAMD) <Michael.Cunningham@usdoj.gov>
**Subject:** Re: [EXTERNAL] RE: SAG-22-336--Request for Brady and Rule 3.8 material

CAUTION: This email originated from outside of the organization. Do not click links or open attachments unless you recognize the sender and know the content is safe.

Chris,


**EXHIBIT 1**

Thanks much. I'm on leave for two more weeks but am making time for this matter given the urgency of our trial date.

We are working on getting better transcripts done (the earlier transcripts were done quickly at Teresa's request when we were not contemplating a quick trial, and she had requested we do them so the CJA panel could be spared the expense). We can discuss in our call, but I believe we will substantially streamline our trial if we can agree on a translation ahead of time. Hopefully our new transcripts will help love that along.

I believe these words are spoken in English, but we will look for them. I also believe judge Gallagher does NOT send back the indictment.

We will treat the UC as if you have subpoenaed her. As discussed we'll oppose calling her, but if the court decides she should be called we will make sure she is available.

We do not believe any internal draft translations are discoverable as you have the recordings themselves. However, let's discuss further and see if we can reach an accommodation.

Best,
Aaron


Get Outlook for iOS

---

**From:** Christopher Mead <cmead@schertlerlaw.com>
**Sent:** Wednesday, March 29, 2023 7:46:52 AM
**To:** Zelinsky, Aaron (USAMD) <AZelinsky@usa.doj.gov>; david@walshlittlelaw.com <david@walshlittlelaw.com>
**Cc:** Noah Cherry <ncherry@schertlerlaw.com>; Cunningham, Michael (USAMD) <mcunningham@usa.doj.gov>
**Subject:** RE: [EXTERNAL] RE: SAG-22-336--Request for Brady and Rule 3.8 material

Aaron—

Congratulations, hope everybody in your family is doing well and that we're not disturbing your paternity leave. I am entirely free Thursday for a call after 9:30. Thanks for resending us the discovery.

While we are willing to work with you to try to address your security concerns about the government's UC agent, the more I review the transcripts the more I believe it is essential to our defense to call the UC. Because we don't know her identity, we can't subpoena her. Will you accept service of a trial subpoena addressed to "anonymous UC" or provide assurances that you will agree that you will make her available as if she had been subpoenaed? We understand you may object to her being called, and we're not asking you to waive any of your objections. Our trial subpoena will probably include a request for documents, though hopefully we can address those requests as part of the discovery process. If you're going to file a CIPA motion, I think we need to give Judge Gallagher a heads up, because she may want to set aside time to deal with such a complex issue.

In our call, I'd also like to discuss two sub-paragraphs in the Indictment:

- During that meeting, GABRIELIAN told the UC she was motivated by patriotism toward Russia to provide any assistance she could to Russia, **even if it meant being fired or going to jail**. Indictment at ¶14(c).



**EXHIBIT 1**

- During that meeting, GABRIELIAN stated that although HENRY was a "**coward**,"

and concerned about violating HIPAA by providing records to the UC, GABRIELIAN

**had no such concerns and violated HIPAA "all the time**." Indictment at ¶ 14(q).

The bolded portions above don't appear in the Government's own rough transcripts provided to the defense. We understand that the transcripts you've provided are in rough form. Because we are two months from trial, there is considerable urgency in getting final translations from the government soon. Our clients' lives are on hold, so we don't want to postpone the trial date. I'd like to discuss if the Government still contends that the bolded portions above are true and accurate. If not, I'd like to discuss how to address that problem. Does anyone know if it is Judge Gallagher's practice to send the indictment back to the jury for its deliberations?

We assume that attorneys for the government and the grand jury relied on a translation from a Russian speaker to allege the bolded portions above. We request the identity of that translator. We contend that all communications or statements related to the translation of those portions are discoverable as *Brady, Giglio,* and Rule 3.8 material, and may have impacted the grand jury's deliberations and consideration of the charges.

Thanks. I look forward to talking with you all Thursday.

Chris


Christopher B. Mead
Schertler Onorato Mead & Sears, LLP
555 13th Street, N.W.
Suite 500 West
Washington, D.C.  20004
Mobile: 301-351-0237
Email:    cmead@schertlerlaw.com
Website:  www.schertlerlaw.com

This e-mail message and any attached files are confidential and are intended solely for the use of the addressee(s) named above. This communication may contain material protected by attorney-client, work product, or other privileges. If you are not the  intended recipient or person responsible for delivering this confidential communication to the intended recipient, you have received this communication in error, and any review, use, dissemination, forwarding, printing, copying, or other distribution of this  e-mail message and any attached files is strictly prohibited. If you have received this confidential communication in error, please notify the sender immediately by reply e-mail message and permanently delete the original message.

---

**From:** Zelinsky, Aaron (USAMD) <Aaron.Zelinsky@usdoj.gov>
**Sent:** Tuesday, March 28, 2023 9:20 PM
**To:** david@walshlittlelaw.com; Christopher Mead <cmead@schertlerlaw.com>
**Cc:** Noah Cherry <ncherry@schertlerlaw.com>; Cunningham, Michael (USAMD) <Michael.Cunningham@usdoj.gov>
**Subject:** Re: [EXTERNAL] RE: SAG-22-336--Request for Brady and Rule 3.8 material

CAUTION: This email originated from outside of the organization. Do not click links or open attachments unless you recognize the sender and know the content is safe.

I am happy to have a call- thanks for the offer, David. What is your Thursday availability both?



**EXHIBIT 1**

Chris: we will reproduce all of the discovery to you to make sure you have it. I'd rather we do it this way to ensure you have it all.

Aaron

Get Outlook for iOS

---

**From:** david@walshlittlelaw.com <david@walshlittlelaw.com>
**Sent:** Tuesday, March 28, 2023 8:02:57 PM
**To:** 'Christopher Mead' <cmead@schertlerlaw.com>; Zelinsky, Aaron (USAMD) <AZelinsky@usa.doj.gov>
**Cc:** 'Noah Cherry' <ncherry@schertlerlaw.com>; Cunningham, Michael (USAMD) <mcunningham@usa.doj.gov>
**Subject:** [EXTERNAL] RE: SAG-22-336--Request for Brady and Rule 3.8 material

Aaron and Michael-  I spoke to Chris today and I don't believe he has all of the discovery.  Can you send it to him via USAFX or give me permission to upload it on my Google drive and send it to him?  Are you available for a conference call this week.  I'm not trying to invade on your paternity leave Aaron.  I think we need though to discuss a motions schedule at least. Maybe Michael can handle it on your side?  Hope all is well.

---

**From:** Christopher Mead <cmead@schertlerlaw.com>
**Sent:** Friday, March 10, 2023 2:48 PM
**To:** Zelinsky, Aaron (USAMD) <Aaron.Zelinsky@usdoj.gov>
**Cc:** Noah Cherry <ncherry@schertlerlaw.com>; 'david@walshlittlelaw.com' <david@walshlittlelaw.com>; michael.cunningham@usdoj.gov
**Subject:** RE: SAG-22-336--Request for Brady and Rule 3.8 material

I'm copying Michael Cunningham here. Welcome aboard Mike! Have a good weekend all.

Christopher B. Mead
Schertler Onorato Mead & Sears, LLP
555 13th Street, N.W.
Suite 500 West
Washington, D.C.  20004
Mobile: 301-351-0237
Email:    cmead@schertlerlaw.com
Website:  www.schertlerlaw.com

This e-mail message and any attached files are confidential and are intended solely for the use of the addressee(s) named above. This communication may contain material protected by attorney-client, work product, or other privileges. If you are not the  intended recipient or person responsible for delivering this confidential communication to the intended recipient, you have received this communication in error, and any review, use, dissemination, forwarding, printing, copying, or other distribution of this  e-mail message and any attached files is strictly prohibited. If you have received this confidential communication in error, please notify the sender immediately by reply e-mail message and permanently delete the original message.

---

**From:** Christopher Mead <cmead@schertlerlaw.com>
**Sent:** Thursday, February 16, 2023 7:29 AM
**To:** Zelinsky, Aaron (USAMD) <Aaron.Zelinsky@usdoj.gov>
**Cc:** Noah Cherry <ncherry@schertlerlaw.com>; 'david@walshlittlelaw.com' <david@walshlittlelaw.com>
**Subject:** RE: SAG-22-336--Request for Brady and Rule 3.8 material

**EXHIBIT 1**



Re:    *United States v. Gabrielian, et. al.,* Crim. No. SAG-22-0336

Dear Aaron:

I write this email to assist you in identifying *Brady* and Maryland Rule 3.8(d) materials that tend to negate the guilt of the accused, mitigate the degree of the offense, or reduce the punishment. This email is not intended to be accusatory, or a lecture about ethical obligations I know you are familiar with and will honor in good faith. We are approaching this case from different perspectives, and you may not have considered the potential defense contentions outlined below.

## BACKGROUND

28 U.S.C. 530B(a), provides that "[a]n attorney for the Government shall be subject to State laws and rules, and local Federal court rules, governing attorneys in each State where such attorney engages in that attorney's duties, to the same extent and in the same manner as other attorneys in that State."

Local Rule 704 provides: "This Court shall apply the Rules of Professional Conduct as they have been adopted by the Maryland Court of Appeals." Maryland Rule for Attorneys 19-303.8(d), modeled on Model Rule of Professional Conduct 3.8, "SPECIAL RESPONSIBILITIES OF A PROSECUTOR," provides that a prosecutor shall:

> make timely disclosure to the defense of all evidence or information known to the prosecutor that tends to negate the guilt of the accused or mitigates the offense, and, in connection with sentencing, disclose to the defense and to the tribunal all unprivileged mitigating information known to the prosecutor, except when the prosecutor is relieved of this responsibility by a protective order of the tribunal.

The Supreme Court has recognized that Rule 3.8 imposes a higher standard on prosecutors than the standards mandating disclosure of exculpatory evidence under *Brady v. Maryland*, 373 U.S. 83 (1963):

> [*Brady*] requires less of the prosecution than the ABA Standards for Criminal Justice, which call generally for prosecutorial disclosures of any evidence tending to exculpate or mitigate. See ABA Standards for Criminal Justice, Prosecution Function and Defense Function 3-3.11(a) (3d ed. 1993) ("A prosecutor should not intentionally fail to make timely disclosure to the defense, at the earliest feasible opportunity, of the existence of all evidence or information which tends to negate the guilt of the accused or mitigate the offense charged or which would tend to reduce the punishment of the accused"); ABA Model Rule of Professional Conduct 3.8(d) (1984) ("The prosecutor in a criminal case shall . . . make timely disclosure to the defense of all evidence or information known to the prosecutor that tends to negate the guilt of the accused or mitigates the offense").

*Kyles v. Whitley*, 514 U.S. 419, 437 (1995).

Consistent with the above principles, United States Attorneys Manual section 9-5.001 C (1) requires a prosecutor to disclose:

> information that is inconsistent with any element of any crime charged against the defendant or that establishes a recognized affirmative defense, regardless of whether the prosecutor believes such information will make the difference between conviction and acquittal of the defendant for a charged crime.

7

**EXHIBIT 1**

## DISCUSSION

The Indictment charges Dr. Gabrielian and her husband with providing Individually Identifiable Health Information ("IIHI") to an undercover agent posing as an agent of the Russian government ("the UC") "in order to assist the Russian government by demonstrating: 1) the level of **GABRIELIAN** and **HENRY's** access to IIHI of U.S. personnel, 2) **GABRIELIAN** and **HENRY's** willingness to provide IIHI to the Russian government, and 3) the potential for the Russian government to gain insights into the medical conditions of individuals associated with the U.S. government and military." Indictment, Count I (Conspiracy), paragraph 8.

Without admitting the charged offenses, Dr. Gabrielian intends to assert an entrapment defense. "[E]ven if the defendant denies one or more elements of the crime, he is entitled to an entrapment instruction whenever there is sufficient evidence from which a reasonable jury could find entrapment." *Mathews v. United States*, 485 U.S. 58, 62, (1988).

You have indicated that the Government hopes to admit the recordings of meetings between the UC and Defendants without calling the UC as a witness. You said that the Government wanted to protect the UC's identity to maintain her operational usefulness in future investigations, and out of security concerns related to retaliation against the UC by the Russian Government or its allies. We are willing to work with you to avoid compromising the UC, so long as we can do so without prejudicing our defense.

It is apparent from the incomplete preliminary transcripts we have received so far that the UC initiated discussions asking Dr. Gabrielian to provide medical information, and repeatedly requested medical information from the Defendants. All Government plans to request medical information from the Defendants, and instructions to the UC to make such requests, would be *Brady* and Rule 3.8 material supportive of an entrapment defense. Similarly, directions to the UC to steer conversations away from providing medical assistance, and/or the UC's intent to do so, would be *Brady* and Rule 3.8 material supportive of an entrapment defense. Ordinarily, we would anticipate bringing out this exculpatory information through cross-examination of the UC. We ask you to consider alternatives, such as stipulations, to avoid the necessity of calling the UC as a witness.

The Indictment alleges an intent to assist the Russian Government. It is reasonable to assume that the U.S. Government investigated whether the Defendants had expressed any prior intent to assist the Russian Government. All investigative results indicating that the Defendants did not support the Russian Government's attack on Ukraine, were critical of the Russian Government or its leaders, and expressed desires to help the Russian *people,* as opposed to its *government*, would be *Brady* and Rule 3.8 material contradicting the Indictment's allegations of intent and supporting an entrapment Similarly, all investigative results indicating that Defendants expressed support for, and a desire to help, Ukraine and its people, would be *Brady* and Rule 3.8 material contradicting the Indictment's allegations of intent and supportive of an entrapment defense. We understand that discovery into these matters could implicate intelligence methods. Although we ask that you provide such exculpatory results, we have no intention of compromising intelligence methods, and again ask you to consider alternatives, such as stipulations.

We contend that it is objectively unreasonable for anyone to believe that providing random, incomplete, and inconsequential medical records for five or less persons affiliated with the U.S. military or U.S. Government would be of any assistance to the Russian Government. We contend that the absence of Russian Government activity seeking such records, and the lack of U.S. intelligence activities seeking such small data points from Russian military or government affiliates would be *Brady* and Rule 3.8 material contradicting the Indictment's allegations of intent. We ask that you conduct a reasonable search of U.S. intelligence information, activities, and assessments to confirm that neither the Russian Government nor the U.S. Government have ever sought incomplete medical information about five or less random persons affiliated with military or government

**EXHIBIT 1**

functions. Similarly, we ask that you conduct a reasonable search of U.S. intelligence information, activities, and assessments to confirm that information about the general health conditions of U.S. and Russian military personnel is widely and publicly available to both governments.

Because the *Brady* and Rule 3.8 material described above is likely to be supportive of potential motions practice, we contend that "timely disclosure" requires production sufficiently in advance of a reasonable motions deadline to be useful to the defense. If you contend that the information described above would not be *Brady* or Rule 3.8 material, please let me know immediately. In the event that good faith discussions fail to resolve any disagreements between us about what constitutes *Brady* and Rule 3.8 material, we will ask the Court to resolve those differences.

Please let me know at your earliest convenience whether, and when, you will disclose the *Brady* and Rule 3.8 materials described in this email.

Christopher B. Mead
Schertler Onorato Mead & Sears, LLP
555 13th Street, N.W.
Suite 500 West
Washington, D.C. 20004
Mobile: 301-351-0237
Email: cmead@schertlerlaw.com
Website: www.schertlerlaw.com

This e-mail message and any attached files are confidential and are intended solely for the use of the addressee(s) named above. This communication may contain material protected by attorney-client, work product, or other privileges. If you are not the  intended recipient or person responsible for delivering this confidential communication to the intended recipient, you have received this communication in error, and any review, use, dissemination, forwarding, printing, copying, or other distribution of this  e-mail message and any attached files is strictly prohibited. If you have received this confidential communication in error, please notify the sender immediately by reply e-mail message and permanently delete the original message.

**EXHIBIT 1**